UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:

WISE K. YASHAYA
aka PARVIS YASHAYA

             Debtor(s)
-------------------------------------------------------X

CHAPTER 7

CASE NO. 08-040314-CEC

ADV. PROC. 08-1100-CEC

## AFFIRMATION IN SUPPORT OF
## MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE

STUART P. GELBERG, an attorney duly admitted to practice before this court, affirms the following under the penalty of perjury:

1.    I am the attorney for the above-captioned debtor/defendant WISE K. YASHAYA aka PARVIS YASHAYA (the "Debtor") and, as such, I am fully familiar with the facts and circumstances surrounding this case.

2.    This affirmation is submitted in support of the Debtor's Motion to Dismiss with Prejudice the instant adversary proceeding commenced by YESH DIAMOND, INC. dba YESH DIAMOND IMPORTERS ("YD") on May 13, 2008, as YD's Complaint was time-barred and the Debtor was not served with the Summons and Complaint in this action.

### BACKGROUND

3.    On January 21, 2008, the Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court"), bearing case number 1-08-40314-cec (the "Bankruptcy Case").

4.    The Section 341 meeting was scheduled for February 14, 2008 and the deadline to file a complaint objecting to discharge or to determine dischargeability of debts was April 14, 2008.

5.    On April 11, 2008, counsel for YD and counsel for Debtor submitted a Stipulation (the "First Stipulation") extending YD's time to file a complaint objecting to discharge until April

21, 2008. The First Stipulation was not so-ordered by the Court. (See Bankruptcy Case, Docket #13, annexed hereto as Exhibit "A")

6.  On April 18, 2008, counsel for YD and counsel for Debtor submitted a Stipulation (the "Second Stipulation") extending YD's time to file a complaint objecting to dischargeability of debt until May 5, 2008. The Second Stipulation was not so-ordered by the Court. (See Bankruptcy Case, Docket #14, annexed hereto as Exhibit "B").

7.  On May 5, 2008, counsel for YD and counsel for Debtor submitted a Stipulation (the "Third Stipulation") extending YD's time to file a complaint objecting to dischargeability of debt until May 12, 2008. The Third Stipulation was not so-ordered by the Court. (See Bankruptcy Case, Docket #15, annexed hereto as Exhibit "C").

8.  On May 13, 2008, YD commenced the instant adversary proceeding (the "Adversary Proceeding") by filing a complaint to determine dischargeability of debt pursuant to Section 523(a)(2) and (6) of the Bankruptcy Code (the "Complaint"). (See Bankruptcy Case, Docket #16, annexed hereto as Exhibit "D").

9.  On June 18, 2008, YD filed an Affidavit of Service stating that the Complaint was served upon Counsel for Debtor, Counsel and Creditor Appearing Pro Se in Related Adversary Action, and Chapter 7 Trustee. (See Bankruptcy Case, Docket #17, annexed hereto as Exhibit "E").

10. On June 13, 2008, the Debtor filed a Pro Se Answer to the Complaint. The Answer raised affirmative defenses asserting that YD failed to timely file the Complaint with this Court pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and that YD lacked jurisdiction over the Debtor (See Adversary Proceeding, Docket #3, annexed hereto as Exhibit "F").

11. As set forth below, the Adversary Proceeding should be dismissed on jurisdictional grounds, as the Complaint was untimely filed and it was not served upon the Debtor.

## DISMISSAL IS PROPER BECAUSE
## COMPLAINT WAS TIME BARRED

12. Rule 4007(c) of the Bankruptcy Rules, in relevant part, provides:

> *"c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, or chapter 12 family farmer's debt adjustment case; notice of time fixed. A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)".*

13. Here, the Court scheduled the Section 341 meeting for February 14, 2008. Furthermore, the Court fixed April 14, 2008 as the last date to file a dischargeability complaint. The parties, however, through multiple Stipulations agreed to extend such deadline until May 12, 2008. (See Exhibits "A", "B", "C").

14. The Complaint, however, was filed on May 13, 2008, after the expiration of the referred deadline.

15. Since the Complaint was time barred, the Adversary Proceeding should be dismissed with prejudice.

16. As held by the court in <u>European Am. Bank v. Benedict</u>, 1995 U.S. Dist. LEXIS 10051, (S.D.N.Y. July 13, 1995):

> *"Rule 4007(c) to be a strict statute of limitations. See, e.g.,* <u>In re Themy</u>, *6 F.3d 688, 689 (10th Cir. 1993) (Rules 4007(c) and 9006(b)(3) 'prohibit a court from sua sponte extending the time in which to file dischargeability complaints');* <u>In re Alton</u>, *837 F.2d 457, 459 (11th Cir. 1988) ("There is 'almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint.'");* <u>In re Pratt</u>, *165 Bankr. 759, 761 (Bankr.D.Conn. 1994)".* <u>Benedict</u>, at 12-13.

17. Thus, it is respectfully requested that the Adversary Proceeding be dismissed with prejudice.

## DISMISSAL IS PROPER BECAUSE
## COMPLAINT WAS NOT SERVED UPON DEBTOR

18. Rule 7004(b)(9) of the Bankruptcy Rules, in relevant part, provides:

> *"(b) Service by first class mail... service may be made within the United States by first class mail postage prepaid as follows:... (9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint **to the debtor** at the address shown in the petition or to such other address as the debtor may designate in a filed writing".* (emphasis added)

19. In addition, Rule 7004(g) provides:

> *"Service on debtor's attorney. If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall **also** be made upon the debtor's attorney by any means authorized under Rule 5(b) F.R. Civ. P."* (emphasis added)

20. It is clear that both provisions prescribe service of the Summons and Complaint upon both, the Debtor and Debtor's counsel. As held in Moll v. Parker (In re Parker), 2007 Bankr. LEXIS 3297 (Bankr. E.D. Tenn. Sept. 25, 2007):

> *"[Rules 7004(b)(9) and 7004(g)] 'unambiguously provide[] that service of process upon a debtor is not sufficient unless **both the debtor and his attorney** are served with the summons and a copy of the complaint'... 'Anything short of strict compliance... is insufficient,' as 'the requirement of proper service of process 'is not some mindless technicality.'... 'under Rule 7004(b)(9) and (g), mailing **a copy of the Summons only to the Defendants' attorney was insufficient to effectuate service of process'"* (emphasis added) (internal citations omitted) Parker, at 3-4.

21. Here, the Complaint was not served upon the Debtor but upon Debtor's counsel only, as reflected in the Affidavit of Service annexed hereto as Exhibit "E". Moreover, there is no indication that any "Summons" was served together with the Complaint. (See Exhibit "E"). Such failure to serve the Debtor with the Summons and Complaint mandates dismissal of the Adversary Proceeding.

22.  It should be noted that the failure to serve the Debtor within 120 days after the complaint is filed makes the action subject to dismissal under Rule 4(j) of the Federal Rules of Civil Procedure (providing for dismissal of the action without prejudice –or service within a specified time- in the event the defendant is not served with the summons and complaint within 120 days after the complaint is filed).

23.  Here, more than 170 days have passed since the filing of the Complaint and no service was effectuated upon the Debtor. Thus, dismissal is also proper under Bankruptcy Rule 7004 and Rule 4(j) of the Federal Rules of Civil Procedure.

24.  Although dismissal under Rule 4(j) of the Federal Rules of Civil Procedure is usually without prejudice, in this case dismissal must be with prejudice since YD is barred from commencing a new action due to the time limitation imposed under Bankruptcy Rule 7004(c).

WHEREFORE, the Debtor prays for an order dismissing this adversary proceeding with prejudice.

Dated: Garden City, New York
October 23, 2008

Yours, etc.

s/ Stuart P. Gelberg

Stuart P. Gelberg
600 Old Country Road, Suite 410
Garden City, New York 11530
(516) 228-4282