UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

Wise K. Yashaya,

                      Debtor.
------------------------------------------------------------x
Yesh Diamonds, Inc.,

                      Plaintiff

-against-

Wise K. Yashaya,

                      Defendant.
------------------------------------------------------------x

Chapter 7

Case No. 08-40314-CEC

Adv. Pro. No. 08-1100-CEC

## DECISION

APPEARANCES:

| | |
|---|---|
| Matin Emouna, Esq. | Stuart P. Gelberg, Esq. |
| Rashel Mikhail, Esq. | 600 Old Country Road |
| Emouna & Mikhail, PC | Suite 410 |
| 110 Old Country Road, Suite 3 | Garden City, NY 11530 |
| Mineola, New York 11501 | Attorney for Debtor-Defendant |
| Attorneys for Plaintiff | |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

1

This matter comes before the Court on the motion of Wise K. Yashaya (the "Debtor") to dismiss this adversary proceeding commenced against him by Yesh Diamonds, Inc. (the "Plaintiff"). A hearing on the Debtor's motion was held on November 13, 2008.[1] Because this proceeding was not timely commenced, the motion is granted.

## Jurisdiction

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(I), and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Background

The following facts are undisputed.

On January 21, 2008, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. On January 22, 2008, Robert L. Geltzer (the "Trustee") was appointed chapter 7 trustee of the Debtor's bankruptcy estate.

The first meeting of creditors pursuant to § 341(a)[2] was scheduled for February 14, 2008. Pursuant to Federal Rules of Bankruptcy Procedure 4004 and 4007, April 14, 2008 was set as the date by which a complaint pursuant to § 727(a) objecting to the Debtor's discharge, or a complaint pursuant to § 523(c) objecting to the dischargeability of a debt, must be filed.

On March 6, 2008, the Plaintiff filed a proof of claim against the Debtor's estate in the amount of $190,000.

---

[1] The transcript of this hearing will be referred to as "Tr."

[2] Unless otherwise specified, all statutory citations herein are to the Bankruptcy Code, Title 11, U.S.C.

On April 11, 2008, the Plaintiff filed a stipulation between itself and the Debtor extending the Plaintiff's time to file a complaint objecting to the Debtor's discharge to April 21, 2008. This stipulation was never so-ordered by the Court.

On April 18, 2008, the Plaintiff filed another stipulation between itself and the Debtor extending the Plaintiff's time to file a complaint objecting to the dischargeability of a debt pursuant to § 523 to May 5, 2008. This stipulation was also never so-ordered by the Court.

The current dispute revolves principally around a stipulation between the parties dated May 5, 2008, and filed by the Plaintiff on that same date, extending the Plaintiff's time to file a complaint objecting to the dischargeability of a debt pursuant to § 523 to May 12, 2008. This stipulation, too, was never so-ordered by the Court.

On May 13, 2008, the Plaintiff commenced this adversary proceeding against the Debtor seeking to except its debt from discharge pursuant to § 523(a)(2)(A), (6), and (c).

On June 13, 2008, the Debtor filed an answer to the Plaintiff's complaint and asserted two affirmative defenses: (1) the complaint is untimely; and (2) the court lacks jurisdiction over the Debtor.

On October 24, 2008, the Debtor filed this motion to dismiss the adversary proceeding with prejudice, arguing that the Court lacks jurisdiction over the action because the complaint was filed untimely. The Debtor further argued that the Court lacks jurisdiction over the Debtor because he was not properly served with the summons and complaint. The Plaintiff opposed the Debtor's motion.

Discussion

A. Insufficient Service

The Debtor argues that this action must be dismissed because the Plaintiff did not serve him with the complaint or summons in accordance with Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7004 and Federal Rule of Civil Procedure ("Rule") 4. The Debtor further argues that his counsel was not served with the summons as required by Bankruptcy Rule 7004(g). The Plaintiff contends that the summons and complaint were properly served.

Personal jurisdiction over a defendant is established if the summons is served in accordance with Bankruptcy Rule 7004 and Rule 4. Fed. R. Bankr. P. 7004(f). According to those rules, a plaintiff must serve the defendant with the summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); Fed. Bankr. R. 7004(a)(1). During the pendency of the bankruptcy case, a debtor may be served by mailing a copy of the summons and complaint to the address listed on the petition. Fed. R. Bankr. P. 7004(b)(9). If the debtor is represented by an attorney, the attorney shall also be served. Fed. R. Bankr. P. 7004(g).

If service is by mail, the summons and complaint must be deposited in the mail within 10 days after the summons is issued. Fed. R. Bankr. P. 7004(e). If the summons is not timely mailed, another summons may be issued. Id. If service is not completed within 120 days after the complaint is filed, the court may dismiss the action or order that service be made within a specified period of time. Fed. R. Civ. P. 4(m); Fed. R. Bankr. P. 7004(a)(1).

Plaintiff's counsel filed a certificate of service dated May 22, 2008, wherein he declared under penalty of perjury that, on that date, he served the summons and complaint on the Debtor

4

by mail to 41-08 Little Neck Parkway, Little Neck, New York 11363, which is the address listed in the Debtor's bankruptcy petition.[3]

It is well settled that "mail which is properly addressed, stamped and deposited in the mail system creates a rebuttable presumption of receipt by the party to whom it has been addressed." Cablevision Sys. Corp. v. Malandra (In re Malandra), 206 B.R. 667, 673 (Bankr. E.D.N.Y. 1997) (citing In re R.H. Macy & Co., 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993) and In re Heyward, 15 B.R. 629 (Bankr. E.D.N.Y. 1981)). See also Meckel v. Cont'l Res. Co., 758 F.2d 811, 817 (2d Cir. 1985) ("New York law holds that when, as here, there is proof of the office procedure followed in a regular course of business, and these procedures establish that the required notice has been properly addressed and mailed, a presumption arises that notice was received."). The Debtor's argument that he was never served, or that he never received the summons or complaint, without more, is insufficient to rebut the presumption that he received the properly addressed mail containing the summons and complaint. See Id.; In re Wintrade, Inc., No. 01-13007 (AJG), 2007 WL 3104029 at *1 (Bankr. S.D.N.Y. Oct. 22, 2007) ("Federal courts in New York 'uniformly' take the strict view that an affidavit of non-receipt is not sufficient to rebut the presumption of receipt."); Malandra, 206 B.R. at 673-674.

However, it appears that the Debtor's counsel was never served with the summons. An affidavit of service indicates that the complaint was served on the Debtor's attorney on May 12, 2008. (Pl.'s Aff. in Opp'n Ex. C.) It is evident that the summons was not served with the

---

[3] The Debtor argues that this certificate was never filed with the Court until November 7, 2008, when it was attached as part of Exhibit C to the Plaintiff's opposition papers. (Tr. at 10.) The Debtor is mistaken because the docket reflects that the certificate of service dated May 22, 2008 was filed on June 23, 2008 as docket #5. In any event, even though "proof of service must be made to the court," the "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(m); Fed. R. Bankr. P. 7004(a)(1).

complaint at that time because the summons was not issued until May 15, 2008, two days later. The Plaintiff has not submitted any evidence indicating that Debtor's counsel was served with the summons in compliance with Bankruptcy Rule 7004(g). In fact, the Plaintiff has never addressed the issue.

The Bankruptcy Rules provide that service of process on a Debtor is insufficient unless both the debtor and his attorney are served with the summons and complaint. Moll v. Parker (In re Parker), Adv. No. 07-3037, Case No. 07-30697, 2007 WL 2815561 at *1 (Bankr. E.D. Tenn. Sept. 25, 2007); Dreier v. Love (In re Love), 232 B.R. 373, 377 (Bankr. E.D. Tenn. 1999); Ingala v. Sciarretto (In re Sciarretto), 170 B.R. 33, 35 (Bankr. D. Conn. 1994); U.S. Escrow v. Bloomingdale (In re Bloomingdale), 137 B.R. 351, 354 (Bankr. C.D. Cal. 1991). Therefore, because the Plaintiff has not established that Debtor's counsel was served with the summons, and based upon the affidavit of service on file, this Court concludes that the Plaintiff did not comply with Bankruptcy Rule 7004(g). See Fed. R. Civ. P. 4(l) (proof of service must be made to the Court by way of the server's affidavit); Fed. R. Bankr. P. 7004(a)(1). This leads to the conclusion that the Plaintiff also did not comply with Rule 4(m), made applicable to this action pursuant to Bankruptcy Rule 7004(a)(1), because service was not completed within 120 days of filing the complaint. Fed. R. Civ. P. 4(m); Fed. R. Bankr. P. 7004(a)(1).

However, the Plaintiff's failure to properly serve the Debtor's counsel or to complete service within 120 days of the filing of the complaint is not fatal to this action. Although the Court may dismiss this action based on these failures, the Court may instead "order that service be made within a specified time." Fed. R. Civ. P. 4(m); Fed. R. Bankr. P. 7004(a)(1).

Notwithstanding the availability of this relief, the adversary proceeding must be dismissed because, as discussed below, the complaint was untimely filed.

B.     Complaint is Untimely

The Debtor argues that the Court lacks jurisdiction over this action because the complaint was not timely filed. The Plaintiff argues that the complaint was timely filed pursuant to an agreement with the Debtor's counsel extending the time to file the complaint to May 19, 2008. The Plaintiff further argues that the failure to comply with the statute of limitations does not divest the Court of jurisdiction over this action.

Bankruptcy Rule 4007(c) provides, in pertinent part:

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c).

Based upon the first date set for the meeting of creditors under § 341(a) in this case, the deadline to file a complaint objecting to the dischargeability of a debt pursuant to § 523(c) was April 14, 2008. Pursuant to a stipulation dated April 17, 2008, and filed on April 18, 2008, Plaintiff's deadline was extended to May 5, 2008.[4] The dispute arises from the stipulation filed with the Court on May 5, 2008, which extends the Plaintiff's time to object to the dischargeability of its claim pursuant to § 523(c) to May 12, 2008.

---

[4] The Debtor does not dispute that the Plaintiff's time to object to the dischargeability of its debt was extended to May 5, 2008, even though this stipulation was entered into after the time to object to dischargeability expired. Accordingly, this Court will assume the deadline was extended to May 5, 2008, and will not address the enforceability of a stipulation extending the filing deadline executed after the expiration of such deadline, which was never approved by the Court.

The Plaintiff contends that "pursuant to [Plaintiff's counsel's] discussions with [Debtor's counsel], it was verbally agreed that the deadline would be extended . . . through and including May 19, 2008." (Pl.'s Aff. in Opp'n ¶ 16.) The Plaintiff further alleges that, "upon returning the signed stipulation, [Debtor's counsel] unilaterally changed the date to May 12, 2008 instead of May 19th, despite having agreed to the May 19th date." (Pl.'s Aff. in Opp'n ¶ 16.) The Plaintiff also asserts that all other stipulations had extended the filing deadline for a period of two weeks at a time, so the Plaintiff thought that this stipulation would do the same. (Tr. at 16.)

Other than these assertions, Plaintiff has not submitted any evidence of an agreement to extend the deadline to May 19, 2008, and the Debtor disputes agreeing to the May 19, 2008 date. Although oral stipulations may be enforceable when there is little dispute as to its terms, see Monaghan v. SZS 33 Assocs., L.P., 875 F.Supp. 1037, 1042 (S.D.N.Y. 1995), it is clear that the material terms of any oral stipulation between the Plaintiff and the Debtor are disputed.

Furthermore, at the time that the stipulation was returned to Plaintiff's counsel, it appears that there was no agreement at all between the parties, since Plaintiff's counsel sought an extension until May 19, 2008 and the Debtor's counsel (as evidenced by the change made when the stipulation was returned) consented only to an extension until May 12, 2008. Put differently, the stipulation sent by the Plaintiff to the Debtor for execution, bearing the May 19, 2008 date, was an offer, and the stipulation returned by the Debtor to the Plaintiff bearing the May 12, 2008 date was a counteroffer. See Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc., 487 F.3d 89, 95 (2d Cir. 2007) ("There must be 'an objective meeting of the minds sufficient to give rise to a binding and enforceable contract.'" (quoting Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp., 93 N.Y.2d 584, 589 (N.Y. 1999))). However, by filing, on May 5, 2008, the

stipulation bearing the May 12, 2008 extension date, Plaintiff accepted the Debtor's counteroffer to extend the time to May 12, 2008.  At a minimum, the fact that Plaintiff filed the stipulation with the Court shows that Plaintiff was on notice of the May 12, 2008 deadline.  Therefore, this Court concludes that the complaint was untimely filed on May 13, 2008.

Alternatively, the Plaintiff argues that the applicable statute of limitations is not jurisdictional in nature and should be extended to May 13, 2008 pursuant to the doctrines of equitable tolling and equitable estoppel.

The Debtor, relying on <u>European American Bank v. Benedict (In re Benedict)</u>, Case No. 94 CIV. 7110 (SS), 1995 WL 422089 (July 17, 1995), argues that 4007(c) is jurisdictional. However, this argument is not supported by controlling law in this circuit; indeed, the decision relied upon by the Debtor was vacated on appeal.  <u>European Am. Bank v. Benedict (In re Benedict)</u>, (2d Cir. 1996).  There, the Second Circuit stated as follows:

> [T]he time period imposed by [Bankruptcy] Rule 4007(c) is not jurisdictional.  The Supreme Court has stated that "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." <u>United States v. Locke</u>, 471 U.S. 84, 94 n.10, 105 S. Ct. 1785, 1792 n.10, 85 L. Ed.2d 64 (1985). There is nothing in the Bankruptcy Code that persuades us to hold that [Bankruptcy] Rule 4007(c) is any different from a statutory provision that imposes a filing deadline.

<u>Benedict</u>, 90 F.3d at 54 (third alteration in original).  Because the limitations period set forth in Bankruptcy Rule 4007(c) is not jurisdictional, the Court will address the Plaintiff's arguments in support of asserting the defenses of equitable tolling and equitable estoppel.

At the outset, it should be noted that, although equitable doctrines may be available to prevent the statute of limitations from barring an action, a statute of limitations should not be set

aside lightly.  Statutory deadlines, while being inherently arbitrary, "are often essential to accomplish necessary results."  United States v. Locke, 471 U.S. 84, 94 (1985).  See also United States v. Boyle, 469 U.S. 241, 249 (1985) ("Deadlines are inherently arbitrary; fixed dates, however, are often essential to accomplish necessary results.").  While "[d]eadlines may lead to unwelcome results, . . . they prompt parties to act and they produce finality."  Taylor v. Freeland & Kronz, 503 U.S. 638, 644 (1992).  "In general, the deadlines provided in the Bankruptcy Rules 'are to be interpreted strictly and in a manner consistent with the Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case.'"  In re Weinstein, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999) (quoting Dombroff v. Greene (In re Dombroff), 192 B.R. 615, 621 (S.D.N.Y. 1996)).  "If the burden of establishing a cause for extension of a time limit is not met by the moving party, the [request] shall be denied."  Id.

"The rationale behind the doctrine of equitable tolling is that a statute of limitations should not start running until the plaintiff is aware she may have a cause of action."  Higgins v. Erickson (In re Higgins), 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001).  Equitable tolling is appropriate "where the [plaintiff] had been misled or where evidence had been fraudulently concealed," but not where "one does not act diligently in protecting his legal rights."  Id.  See also Pearl v. City of Long Beach, 296 F.3d 76, 82 (2d Cir. 2002) ("Our Court has used 'equitable tolling' to mean fraudulent concealment of a cause of action that has 'in some sense accrued earlier,' and to mean fraudulent concealment that postpones the accrual of a cause of action." (citations omitted)).  A party "who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

On the other hand, "equitable estoppel is available when a plaintiff knows of his potential cause of action but delays filing suit as a result of the defendant's conduct." Higgins, 270 B.R. at 158. The purpose of this doctrine "is to protect the person who brings their action after it would normally be barred because she was 'lulled' into believing that she should delay pursuing her cause of action." Id. See also Pearl, 296 F.3d at 82 ("We have . . . used 'equitable estoppel' to mean fraudulent concealment that postpones the running of the statute of limitations."). "To invoke equitable estoppel, a plaintiff must show that: (1) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to his detriment." Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995).

In support of the argument that the statute of limitations should be extended to May 13, 2008 under a theory of equitable tolling or equitable estoppel, Plaintiff's counsel explains that he attempted to file the complaint electronically on May 12, 2008, but that the filing was unsuccessful because his credit card on file with the electronic case filing system was no longer valid. (Pl.'s Aff. in Opp'n ¶¶ 17, 18, 22; See also Tr. at 17.) Counsel states that he sent out the complaint by overnight Federal Express on May 12, 2009, and that it was received by the Court on May 13, 2008.[5] (Pl.'s Aff. in Opp'n ¶¶ 17, 19.) Based upon these circumstances, the Plaintiff's counsel argues that the failure to file the complaint by May 12, 2008 "was due to an inadvertent administrative and clerical error beyond either my or the Clerk's control." (Pl.'s Aff. in Opp'n ¶ 24.)

---

[5] A complaint is deemed filed upon receipt by the Clerk's office, United States v. White, 980 F.2d 836, 845 (2d Cir. 1992), and the Plaintiff does not take the position that the complaint is deemed filed upon mailing.

Plaintiff's counsel also argues that the Debtor is not prejudiced by the one day delay in filing the complaint, and that the Debtor and his counsel knew that the action was going to be filed. Plaintiff's counsel further contends that the Debtor has engaged in "dishonorable tactics and game playing," as he allegedly did in a state court action between the parties, and that dismissing the complaint as untimely would allow the Debtor "to use this Court as a forum of theatre for posturing and maneuvering rather than an efficient vehicle that discovers relevant facts or testimony."  (Pl.'s Aff. in Opp'n ¶ 30.)

None of the facts alleged by the Plaintiff's counsel provide grounds for the application of the doctrines of equitable tolling or equitable estoppel. As discussed above, the Plaintiff's counsel knew that the filing deadline for a complaint pursuant to § 523(c) was extended only to May 12, 2008, and not May 19, 2008, because the stipulation was filed by his firm. Nor does Plaintiff's counsel deny that he was aware of that deadline; indeed, he sought to file by the May 12, 2008 date. Although the difficulties encountered when Plaintiff's counsel attempted to file the complaint electronically on May 12, 2008 are unfortunate, they do not warrant equitably tolling the statute of limitations or estopping the Debtor from asserting that defense. Counsel chose to wait until the last available day to attempt to file the complaint. Counsel (who is based in Long Island) could have hand-delivered the complaint to the Court on May 12, 2008 (either during the hours of operation of the Clerk's office, or by submitting the complaint into the after-hours depository pursuant to E.D.N.Y. LBR 5001-2). Instead, Plaintiff's counsel chose to send the complaint to the Court via overnight courrier, knowing that it would not be received until May 13, 2008.

"Both equitable tolling and equitable estoppel address situations where a valid claim exists but is not pursued by the plaintiff within the statutory period because of the defendant's behavior." Higgins, 270 B.R. at 159.  The Plaintiff submitted no evidence in support of its assertion that the Debtor is engaging in "game playing" or using "dishonorable tactics" in connection with the commencement of this action, and this Court cannot find that the Debtor has "misled" the Plaintiff, see Higgins, 270 B.R. at 158, or "made a definite misrepresentation of fact, and had reason to believe the plaintiff would rely on it," or that the Plaintiff "reasonably relied on that misrepresentation," such as to warrant equitable tolling or equitable estoppel, see Buttry, 68 F.3d at 1493; Higgins, 270 B.R. at 158.  This Court must reject the Plaintiff's argument that, based on a conversation with the Debtor's counsel and on prior stipulations extending the deadline by two week intervals, Plaintiff thought the deadline was extended to May 19, 2008. There is no evidence that the Debtor agreed to extend the deadline to May 19, 2008, and the Plaintiff's counsel, who filed the stipulation on May 5, 2008, knew that the deadline was only extended until May 12, 2008.  Based upon the circumstances, the Court finds that the Plaintiff did not act diligently in protecting his legal rights.  See Baldwin County, 466 U.S. at 151; Higgins, 270 B.R. at 158.

Additionally, this Court rejects the Plaintiff's argument that the limitation period should be tolled because the Debtor will not be prejudiced by the continuation of the action.  "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." Baldwin County, 466 U.S. at 152.  Since an independent basis for equitable tolling

was not established, the Court will not invoke the doctrine solely on the Plaintiff's assertion that the Debtor will not be prejudiced by the continuation of the action.

Lastly, the Plaintiff seeks an extension of the time to file the complaint pursuant to Bankruptcy Rule 9006. This request must be denied. Bankruptcy Rule 9006(b)(3), by its terms, permits a court to extend the time for taking action under Bankruptcy Rule 4007(c) only "to the extent and under the conditions stated in [that] rule[s]." Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 4007(c) permits an extension of the time to file a complaint objecting to the dischargeability of a debt pursuant to § 523(c) only if cause is shown <u>and</u> if the request for such extension was made by motion prior to the expiration of the time limitation. Fed. R. Bankr. P. 4007(c). The Plaintiff did not move for a further extension of the filing deadline before the deadline expired. Therefore, this Court may not extend the filing deadline past May 12, 2008, even by one day.

Likewise, this Court may not rely on § 105(a) to extend the May 12, 2008 deadline. Section 105(a) of the Bankruptcy Code permits the court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). However, it is well established that this power "must and can only be exercised within the confines of the Bankruptcy Code." <u>Nw. Bank Worthington v. Ahlers</u>, 485 U.S. 197, 206 (1988); <u>Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)</u>, 922 F.2d 984, 995 (2d Cir. 1990). This equitable power may not be used to circumvent any section of the Bankruptcy Code or any Bankruptcy Rule. <u>See</u> <u>In re Bushnell</u>, 273 B.R. 359, 366 (Bankr. D. Vt. 2001). As such, this Court cannot use § 105(a) to grant Plaintiff's request for an extension of the applicable limitations period to May 13, 2008.

For all of these reasons, the complaint must be dismissed with prejudice because it is untimely, and because any refiling of the complaint would be futile.

## Conclusion

For the foregoing reasons, the Debtor's motion is granted and this adversary proceeding is dismissed with prejudice. A separate order will issue.

Dated: Brooklyn, New York
       March 31, 2009

                                      *s/Carla E. Craig*
                                      CARLA E. CRAIG
                                      Chief United States Bankruptcy Judge